IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RONNIE RANDOLPH, Register No. 48868, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-4057-CV-C-NKL |
| | ) | |
| DAVE DORMIRE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Ronnie Randolph, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Named as defendants are Superintendent Dave Dormire and Corrections Officer Lee C. Sweatt.

Plaintiff alleges that defendant Sweatt assaulted him, in violation of his constitutional rights.

Based on his inmate account information, plaintiff has been granted provisional leave to proceed without prepaying the filing fee and costs, subject to modification pursuant to the screening process required by 28 U.S.C. §§ 1915 and 1915A. Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Plaintiff's claims against defendant Dormire should be dismissed. A supervisor cannot be held liable under section 1983 for an employee's unconstitutional actions. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995); Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993); Givens v. Jones, 900 F.2d 1229, 1233 (8th Cir. 1990). Instead, a supervisor can be held liable only for personal involvement in a constitutional violation, or when his or her corrective inaction amounts to deliberate indifference or tacit authorization of the violation. Boyd, 47 F.3d at 968; Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990).

Plaintiff's claims against defendant Sweatt should also be dismissed. Plaintiff's claims that defendant Sweatt "pulled me by my shower rope then push me in a cage" fail to allege anything more than a de minimis use of force and plaintiff fails to allege he was injured.

"The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976))). See also Northington v. Jackson, 973 F.2d 1518, 1524 (10th Cir. 1992); Johnson v. Glick, 481 F.2d 1028, 1033 (1973); Candelaria v. Coughlin, 787 F. Supp. 368, 374 (S.D.N.Y. 1992), aff'd, 979 F.2d 845 (2d Cir. 1992). The same holds true of verbal taunts and harassment. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (law enforcement officer's idle threat to hang prisoner did not give rise to a section 1983 claim). A one-time delay of up to five days in providing an inmate with a shower is a de minimis failure to provide appropriate sanitation and does not rise to the level of a constitutional violation. Maxton v. Johnson, 488 F. Supp. 1030 (D.S.C. 1980). Deprivation of exercise privileges for up to thirteen days is not cruel and unusual punishment. See Knight v. Armontrout, 878 F.2d 1093, 1096 (8th Cir. 1989); Rust v. Grammar, 858 F.2d 411, 413-14 (8th Cir. 1988). Isolated incidents resulting in only emotional harm are often de minimis and fail to state a claim under 42 U.S.C. § 1983. Also, "brief, minor discomfort does not rise to the level of a constitutional violation." Bledsaw v. Simpson, 24 F.3d 242 (Table), 1994 WL 162425 at *1 (8th Cir. May 3, 1994) (citing Whitnack v. Douglas County, 16 F.3d 954, 956-58 (8th Cir. 1994)).

To rise to the level of a constitutional violation, a plaintiff must allege and show a culpable mental state on the part of the defendant. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 301-04 (1991). But cf. Burton v. Livingston, 791 F.2d 97, 100 (8th Cir. 1986) (prisoner's allegations that guard drew pistol on him, uttered racial epithets, and threatened to kill inmate made out a valid section 1983 claim).

Even if prison officials have acted in bad faith, a plaintiff cannot prevail on an excessive force claim if the use of force was "de minimis." The Eighth Amendment does not protect prisoners from every hostile touch by prison guards. Hudson, 503 U.S. at 9 (not every push or shove violates constitutional rights). To prevail on an excessive force claim, a plaintiff must show that the use of force was more than de minimis, but does not need to show serious injury. Id.

IT IS, THEREFORE, RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 18th day of August, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge